# In the United States Court of Federal Claims

**No. 16-1056C**
**Filed: January 6, 2017**

ORIGINAL

FILED
JAN - 6 2017
U.S. COURT OF
FEDERAL CLAIMS

```
* * * * * * * * * * * * * * * * *
                                 *
COLLINS O. NYABWA,               *
                                 *
        Plaintiff,               *
                                 *      28 U.S.C. § 1495; 28 U.S.C.
v.                               *      § 2513; Motion to Dismiss; Pro
                                 *      Se.
UNITED STATES,                   *
                                 *
        Defendant.               *
                                 *
* * * * * * * * * * * * * * * * *
```

**Collins O. Nyabwa**, pro se, Corpus Christi, TX.

**Alexander O. Canizares**, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for defendant. With him was **Robert E. Kirschman, Jr.**, Director, Commercial Litigation Branch, **Benjamin C. Mizer**, Principal Deputy Assistant Attorney General, Civil Division, Department of Justice, Washington, D.C.

## OPINION

**HORN, J.**

### FINDINGS OF FACT

Pro se plaintiff, Collins Nyabwa, filed an apparent complaint titled "**ACTUAL INNOCENCE COMPENSATION CLAIM PURSUANT TO 28 U.S.C. §§ 1495 AND 2513 (COLLECTIVELY, THE 'UNJUST CONVICTION STATUTES') AND BRIEF IN SUPPORT THEREOF**" in the United States Court of Federal Claims alleging that defendant, the United States, "illegally detained/wrongfully imprisoned" him, for violating federal immigration law, at a federal immigration detention center in Houston, Texas, between July 2012 and November 2013.[1] As a result of plaintiff's allegedly illegal detention and allegedly wrongful imprisonment for approximately sixteen months, plaintiff seeks to recover $66,666.00 in monetary damages pursuant to 28 U.S.C. § 1495 (2012) and 28 U.S.C. § 2513 (2012). Plaintiff filed a motion to proceed in forma pauperis, which this court granted.

---

[1] According to plaintiff, prior to his conviction under Texas state law, he was a legal resident of the United States.

Plaintiff alleges that, on July 29, 2011, he was convicted by a Texas state court of three counts "Improper Photography" under Texas state statute "§21.15(b)(1)," for which he was sentenced to one year imprisonment. Plaintiff alleges that "upon completion of his Texas state jail sentence" in July 2012, he was "transferred to an immigration detention center in Houston Texas" and held under mandatory detention for deportation proceedings. Plaintiff states that, in April 2013, "because of the Texas state convictions," federal immigration authorities charged, and subsequently convicted, him of violating federal immigration law 8 U.S.C. § 1227(a)(2)(A)(ii) (2012), and ordered that he be deported to Kenya. According to his complaint, plaintiff was released from the detention center in November 2013 "when an Immigration Judge terminated his immigration proceedings."

Plaintiff alleges that, approximately one year after his release from the federal detention center, "in an unrelated case," Ex Parte Thompson, 442 S.W.3d 325, 351 (Tex. Crim. App. 2014), the Texas Court of Criminal Appeals found the Texas state statute under which Mr. Nyabwa had been convicted to be unconstitutional. On August 23, 2016, approximately three years after plaintiff was released from the detention center, a United States Judge of the Southern District of Texas vacated plaintiff's three convictions under Texas state law. See Nyabwa v. Davis, No. H-12-1152 (S.D. Tex. Aug. 24, 2016) (vacating the previous judgments of Texas trial court adjudging Collins O. Nyabwa guilty of improper photography under section 21.15(b) of the Texas Penal Code).[2]

In his complaint, plaintiff asserts that, because his Texas state convictions were vacated in August 2016, "he is 'actually innocent' of any violations to 8 U.S.C. § 1227(a)(2)(A)(ii), the federal immigration statute behind his immigration detention." According to plaintiff, his "immigration violations were ONLY brought about by his Texas State convictions and now that they have been formally VACATED, he is 'actually/factually' innocent of ANY immigration violation." Plaintiff asserts that, because he is "'actually innocent,' the U.S. government must compensate him pursuant to 28 U.S.C. § 1495 & 2513 for his 16 months of wrongful detention/imprisonment," in the amount of $66,666.00.

In sum, the timeline of events plaintiff offers, other than the numerous cases he had filed in United States District Court for the Southern District of Texas,[3] is that: on July

---

[2] The Order vacating plaintiff's three convictions was issued on August 23, 2016, two days before plaintiff filed his complaint in the above-captioned case.

[3] In addition to the above-captioned case, it appears that Mr. Nyabwa has initiated the following actions in the United States District Court of Texas, Southern District relating to his allegedly improper sixteen-month detention, which remain pending: Nyabwa v. Harris Cty. Sheriff, 16-mc-2118 (S.D. Tex. Sept. 14, 2016); Nyabwa v. Warden, No. 16-mc-1965 (S.D. Tex. Aug. 29, 2016); Nyabwa v. Warden, No. 16-2638 (S.D. Tex. Aug. 29, 2016); Nyabwa v. Corrections Corp. of Am., No. 16-1644 (S.D. Tex. June 6, 2016); Nyabwa v. Unknown Jailers at CCA, No. 16-782 (S.D. Tex. Mar. 24, 2016); Nyabwa v. United States, No. 16-783 (S.D. Tex. Mar. 23, 2016). Plaintiff also filed the following actions in the United States District Court of Texas, Southern District relating to his allegedly improper sixteen-

29, 2011, he was convicted under the Texas Penal Code and sentenced to one year state imprisonment; following his release, he was held in an immigration detention center from July 2012 to November 2013, when he was released; in September 2014, the Texas Court of Criminal Appeals held the state statute under which plaintiff was previously convicted to be unconstitutional; in August 2016, a Judge of the United States Southern District of Texas vacated plaintiff's earlier convictions; and, on August 25, 2016, Mr. Nyabwa filed his complaint in this court.

In response to plaintiff's complaint, defendant filed a motion to dismiss plaintiff's complaint pursuant to Rule 12(b)(1) and (b)(6) of the Rules of the United States Court of Federal Claims (RCFC) (2016). Defendant argues that this court lacks subject matter jurisdiction to consider Mr. Nyabwa's claims under 28 U.S.C. § 1495 because this statute limits the court's jurisdiction to claims based upon wrongful convictions for Federal, not state, crimes. Defendant also argues that a plaintiff seeking relief based upon an alleged reversal or set-aside of a conviction under 28 U.S.C. § 2513(a) must demonstrate, through the necessary record or certificate, that the conviction was set aside due to lack of guilt.

## DISCUSSION

The court recognizes that plaintiff is proceeding pro se, without the assistance of counsel. When determining whether a complaint filed by a pro se plaintiff is sufficient to invoke review by a court, pro se plaintiffs are entitled to liberal construction of their pleadings. See Haines v. Kerner, 404 U.S. 519, 520-21 (requiring that allegations contained in a pro se complaint be held to "less stringent standards than formal pleadings drafted by lawyers"), reh'g denied, 405 U.S. 948 (1972); see also Erickson v. Pardus, 551 U.S. 89, 94 (2007); Hughes v. Rowe, 449 U.S. 5, 9-10 (1980); Estelle v. Gamble, 429 U.S. 97, 106 (1976), reh'g denied, 429 U.S. 1066 (1977); Matthews v. United States, 750 F.3d 1320, 1322 (Fed. Cir. 2014); Diamond v. United States, 115 Fed. Cl. 516, 524, aff'd, 603 F. App'x 947 (Fed. Cir.), cert. denied 135 S. Ct. 1909 (2015). "However, '"[t]here is no duty on the part of the trial court to create a claim which [the plaintiff] has not spelled out in his [or her] pleading."'" Lengen v. United States, 100 Fed. Cl. 317, 328 (2011) (alterations in original) (quoting Scogin v. United States, 33 Fed. Cl. 285, 293 (1995) (quoting Clark v. Nat'l Travelers Life Ins. Co., 518 F.2d 1167, 1169 (6th Cir. 1975))); see also Bussie v. United States, 96 Fed. Cl. 89, 94, aff'd, 443 F. App'x 542 (Fed. Cir. 2011);

---

month detention, which have been terminated: Nyawba v. Stephens, No. 12-1152 (S.D. Tex. Apr. 4, 2012) (terminated Aug. 23, 2016), appeal denied, No. 12-20682 (5th Cir. June 20, 2013); Nyabwa v. Harris Cty. Sheriff, 16-mc-2186 (S.D. Tex. Sept. 14, 2016) (terminated Jan. 4, 2016); Nyabwa v. Warden, No. 16-1643 (S.D. Tex. June 6, 2016) (terminated June 30, 2016); Nyabwa v. Warden, 16-0786 (S.D. Tex. Mar. 23, 2016) (terminated May 23, 2016). Additionally, plaintiff indicates in his complaint that he filed an administrative claim "on November 24, 2015 with the Department of Homeland Security (DHS) raising a similar 'actual innocence' compensation claim," and that "DHS formally denied plaintiff's Administrative Claim on February 22, 2016." Plaintiff attached a copy of this claim to his complaint.

3

Minehan v. United States, 75 Fed. Cl. 249, 253 (2007). "While a pro se plaintiff is held to a less stringent standard than that of a plaintiff represented by an attorney, the pro se plaintiff, nevertheless, bears the burden of establishing the Court's jurisdiction by a preponderance of the evidence." Riles v. United States, 93 Fed. Cl. 163, 165 (2010) (citing Hughes v. Rowe, 449 U.S. at 9 and Taylor v. United States, 303 F.3d 1357, 1359 (Fed. Cir.) ("Plaintiff bears the burden of showing jurisdiction by a preponderance of the evidence."), reh'g and reh'g en banc denied (Fed. Cir. 2002)); see also Shelkofsky v. United States, 119 Fed. Cl. 133, 139 (2014) ("[W]hile the court may excuse ambiguities in a pro se plaintiff's complaint, the court 'does not excuse [a complaint's] failures.'" (quoting Henke v. United States, 60 F.3d 795, 799 (Fed. Cir. 1995)); Harris v. United States, 113 Fed. Cl. 290, 292 (2013) ("Although plaintiff's pleadings are held to a less stringent standard, such leniency 'with respect to mere formalities does not relieve the burden to meet jurisdictional requirements.'" (quoting Minehan v. United States, 75 Fed. Cl. at 253)).

Defendant has moved to dismiss plaintiff's complaint pursuant to RCFC 12(b)(1) for lack of subject matter jurisdiction, and RCFC 12(b)(6), for failure to state a claim for which relief may be granted. The Tucker Act, 28 U.S.C. § 1491, grants jurisdiction to this court as follows:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1) (2012). As interpreted by the United States Supreme Court, the Tucker Act waives sovereign immunity to allow jurisdiction over claims against the United States (1) founded on an express or implied contract with the United States, (2) seeking a refund from a prior payment made to the government, or (3) based on federal constitutional, statutory, or regulatory law mandating compensation by the federal government for damages sustained. See United States v. Navajo Nation, 556 U.S. 287, 289–90 (2009); United States v. Mitchell, 463 U.S. 206, 216 (1983); see also Greenlee Cnty., Ariz. v. United States, 487 F.3d 871, 875 (Fed. Cir.), reh'g and reh'g en banc denied (Fed. Cir. 2007), cert. denied, 552 U.S. 1142 (2008); Palmer v. United States, 168 F.3d 1310, 1314 (Fed. Cir. 1999).

"Not every claim invoking the Constitution, a federal statute, or a regulation is cognizable under the Tucker Act. The claim must be one for money damages against the United States . . . ." United States v. Mitchell, 463 U.S. at 216; see also United States v. White Mountain Apache Tribe, 537 U.S. 465, 472 (2003); Smith v. United States, 709 F.3d 1114, 1116 (Fed. Cir.), cert. denied, 134 S. Ct. 259 (2013); RadioShack Corp. v. United States, 566 F.3d 1358, 1360 (Fed. Cir. 2009); Rick's Mushroom Serv., Inc. v. United States, 521 F.3d 1338, 1343 (Fed. Cir. 2008) ("[P]laintiff must . . . identify a substantive source of law that creates the right to recovery of money damages against the United States."); Golden v. United States, 118 Fed. Cl. 764, 768 (2014). In Ontario Power Generation, Inc. v. United States, the United States Court of Appeals for the

Federal Circuit identified three types of monetary claims for which jurisdiction is lodged in the United States Court of Federal Claims. The court wrote:

> The underlying monetary claims are of three types. . . . First, claims alleging the existence of a contract between the plaintiff and the government fall within the Tucker Act's waiver. . . . Second, the Tucker Act's waiver encompasses claims where "the plaintiff has paid money over to the Government, directly or in effect, and seeks return of all or part of that sum." Eastport S.S. [Corp. v. United States, 178 Ct. Cl. 599, 605–06,] 372 F.2d [1002,] 1007-08 [(1967)] (describing illegal exaction claims as claims "in which 'the Government has the citizen's money in its pocket'" (quoting Clapp v. United States, 127 Ct. Cl. 505, 117 F. Supp. 576, 580 (1954)) . . . . Third, the Court of Federal Claims has jurisdiction over those claims where "money has not been paid but the plaintiff asserts that he is nevertheless entitled to a payment from the treasury." Eastport S.S., 372 F.2d at 1007. Claims in this third category, where no payment has been made to the government, either directly or in effect, require that the "particular provision of law relied upon grants the claimant, expressly or by implication, a right to be paid a certain sum." Id.; see also [United States v. ]Testan, 424 U.S. [392,] 401-02 [1976] ("Where the United States is the defendant and the plaintiff is not suing for money improperly exacted or retained, the basis of the federal claim-whether it be the Constitution, a statute, or a regulation-does not create a cause of action for money damages unless, as the Court of Claims has stated, that basis 'in itself . . . can fairly be interpreted as mandating compensation by the Federal Government for the damage sustained.'" (quoting Eastport S.S., 372 F.2d at 1009)). This category is commonly referred to as claims brought under a "money-mandating" statute.

Ontario Power Generation, Inc. v. United States, 369 F.3d 1298, 1301 (Fed. Cir. 2004); see also Twp. of Saddle Brook v. United States, 104 Fed. Cl. 101, 106 (2012).

To prove that a statute or regulation is money-mandating, a plaintiff must demonstrate that an independent source of substantive law relied upon "'can fairly be interpreted as mandating compensation by the Federal Government.'" United States v. Navajo Nation, 556 U.S. at 290 (quoting United States v. Testan, 424 U.S. 392, 400 (1976)); see also United States v. White Mountain Apache Tribe, 537 U.S. at 472; United States v. Mitchell, 463 U.S. at 217; Blueport Co., LLC v. United States, 533 F.3d 1374, 1383 (Fed. Cir. 2008), cert. denied, 555 U.S. 1153 (2009). The source of law granting monetary relief must be distinct from the Tucker Act itself. See United States v. Navajo Nation, 556 U.S. at 290 (The Tucker Act does not create "substantive rights; [it is simply a] jurisdictional provision[] that operate[s] to waive sovereign immunity for claims premised on other sources of law (e.g., statutes or contracts)."). "'If the statute is not money-mandating, the Court of Federal Claims lacks jurisdiction, and the dismissal should be for lack of subject matter jurisdiction.'" Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin., 525 F.3d 1299, 1308 (Fed. Cir. 2008) (quoting Greenlee Cnty., Ariz. v. United States, 487 F.3d at 876); Fisher v. United States, 402 F.3d 1167, 1173 (Fed. Cir.

5

2005) (The absence of a money-mandating source is "fatal to the court's jurisdiction under the Tucker Act."); Peoples v. United States, 87 Fed. Cl. 553, 565–66 (2009).

When deciding a case based on a lack of subject matter jurisdiction or for failure to state a claim, this court must assume that all undisputed facts alleged in the complaint are true and must draw all reasonable inferences in the non-movant's favor. See Erickson v. Pardus, 551 U.S. at 94 ("[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–56 (2007) (citing Swierkiewicz v. Sorema N. A., 534 U.S. 506, 508 n.1 (2002))))); Fid. & Guar. Ins. Underwriters, Inc. v. United States, 805 F.3d 1082, 1084 (Fed. Cir. 2015); Trusted Integration, Inc. v. United States, 659 F.3d 1159, 1163 (Fed. Cir. 2011).

"Determination of jurisdiction starts with the complaint, which must be well-pleaded in that it must state the necessary elements of the plaintiff's claim, independent of any defense that may be interposed." Holley v. United States, 124 F.3d 1462, 1465 (Fed. Cir.) (citing Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1 (1983)), reh'g denied (Fed. Cir. 1997); see also Klamath Tribe Claims Comm. v. United States, 97 Fed. Cl. 203, 208 (2011); Gonzalez-McCaulley Inv. Grp., Inc. v. United States, 93 Fed. Cl. 710, 713 (2010). A plaintiff need only state in the complaint "a short and plain statement of the grounds for the court's jurisdiction," and "a short and plain statement of the claim showing that the pleader is entitled to relief." RCFC 8(a)(1), (2) (2016); Fed. R. Civ. P. 8(a)(1), (2) (2016); see also Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–57, 570 (2007)). To properly state a claim for relief, "[c]onclusory allegations of law and unwarranted inferences of fact do not suffice to support a claim." Bradley v. Chiron Corp., 136 F.3d 1317, 1322 (Fed. Cir. 1998); see also McZeal v. Sprint Nextel Corp., 501 F.3d 1354, 1363 n.9 (Fed. Cir. 2007) (Dyk, J., concurring in part, dissenting in part) (quoting C. Wright and A. Miller, Federal Practice and Procedure § 1286 (3d ed. 2004)); Briscoe v. LaHue, 663 F.2d 713, 723 (7th Cir. 1981) ("[C]onclusory allegations unsupported by any factual assertions will not withstand a motion to dismiss."), aff'd, 460 U.S. 325 (1983). "A plaintiff's factual allegations must 'raise a right to relief above the speculative level' and cross 'the line from conceivable to plausible.'" Three S Consulting v. United States, 104 Fed. Cl. 510, 523 (2012) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 555), aff'd, 562 F. App'x 964 (Fed. Cir.), reh'g denied (Fed. Cir. 2014). As stated in Ashcroft v. Iqbal, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' 550 U.S. at 555. Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Ashcroft v. Iqbal, 556 U.S. at 678 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 555).

When construed liberally, plaintiff's complaint contends that he is entitled to receive monetary damages pursuant to 28 U.S.C. § 1495 and 28 U.S.C. § 2513 because he is "actually innocent" of the state law violations for which he was convicted and, therefore, "actually innocent" of any violation of federal immigration law 8 U.S.C. § 1227(a)(2)(A)(ii) that was the basis for his allegedly, illegal detention for a sixteen month period between July 2012 and November 2013. Defendant argues that plaintiff has failed to allege or show that he has obtained a certificate of innocence from any court or that his actual innocence

has been established, as required by 28 U.S.C. §§ 2513 and 1495. Moreover, defendant argues that plaintiff's conviction under the Texas Penal Code was not set aside due to a finding of innocence. Defendant argues also that this court does not have subject matter jurisdiction to consider plaintiff's claims under 28 U.S.C. § 2513 because plaintiff's detention pursuant to the Immigration and Nationality Act, 8 U.S.C. § 1227(a), "does not constitute an 'offense against the United States' for purposes of section 2513." According to defendant, plaintiff's deportation proceedings do not qualify as a conviction of a crime committed against the United States for which money damages are available under 28 U.S.C. § 2513.

Plaintiff tries to rely on 28 U.S.C. § 1495 and 28 U.S.C. § 2513 to invoke the jurisdiction of this court, however, Mr. Nyabwa's claim for monetary damages does not fall within the jurisdiction of this court. Although this court has jurisdiction to adjudicate certain claims for unjust conviction and imprisonment pursuant to 28 U.S.C. §§ 1495 and 2513 when a plaintiff's claim satisfies specified, well-established, threshold requirements, plaintiff in the above-captioned case has not met these requirements. Both 28 U.S.C. § 1495 and 28 U.S.C. § 2513 relate to criminal offenses against the United States, and, this court does not have jurisdiction to hear a plaintiff's unjust conviction and imprisonment claims arising from state crimes. See 28 U.S.C. § 1495 (stating that this court has jurisdiction to render judgment upon any claim for damages any person unjustly convicted of an offense against the United States) (emphasis added); see also Machulas v. United States, 621 F. App'x 629, 632 (Fed. Cir. 2015) (holding that the Court of Federal Claims did not possess jurisdiction to hear plaintiff's claim for unjust conviction and imprisonment because plaintiff was convicted of a state crime, not a federal crime). Therefore, to the extent plaintiff in the above-captioned case is seeking to recover monetary damages based on a claim of unjust conviction and imprisonment related to his conviction under a Texas state statute, this court does not have jurisdiction to consider such a claim.

Plaintiff asserts that his complaint in this court alleging unjust imprisonment pertains only to his detention by federal immigration officials pursuant to the Immigration and Nationality Act, 8 U.S.C. § 1227(a). According to 28 U.S.C. § 1495, "[t]he United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim for damages by any person unjustly convicted of an offense against the United States and imprisoned." 28 U.S.C. § 1495. Section 1495 of title 28, "must be read in conjunction with 28 U.S.C. § 2513." Humphrey v. United States, 52 Fed. Cl. 593, 596 (2002), aff'd, 60 F. App'x 292 (Fed. Cir. 2003) (citations omitted); see also Abu-Shawish v. United States, 120 Fed. Cl. 812, 813 (2015) ("To establish jurisdiction, however, a plaintiff seeking compensation under Section 1495 must also meet the requirements of 28 U.S.C. § 2513(a)(1)."). The statute at 28 U.S.C. § 2513 states:

> **(a)** Any person suing under section 1495 of this title must allege and prove that:
>
> > **(1)** His conviction has been reversed or set aside on the ground that he is not guilty of the offense of which he was convicted, or on new trial or rehearing he was found not

7

> guilty of such offense, as appears from the record or certificate of the court setting aside or reversing such conviction, or that he has been pardoned upon the stated ground of innocence and unjust conviction and
>
> **(2)** He did not commit any of the acts charged or his acts, deeds, or omissions in connection with such charge constituted no offense against the United States, or any State, Territory or the District of Columbia, and he did not by misconduct or neglect cause or bring about his own prosecution.
>
> **(b)** Proof of the requisite facts shall be by a certificate of the court or pardon wherein such facts are alleged to appear, and other evidence thereof shall not be received.
>
> **(c)** No pardon or certified copy of a pardon shall be considered by the United States Court of Federal Claims unless it contains recitals that the pardon was granted after applicant had exhausted all recourse to the courts and that the time for any court to exercise its jurisdiction had expired.
>
> **(d)** The Court may permit the plaintiff to prosecute such action in forma pauperis.
>
> **(e)** The amount of damages awarded shall not exceed $100,000 for each 12-month period of incarceration for any plaintiff who was unjustly sentenced to death and $50,000 for each 12-month period of incarceration for any other plaintiff.

28 U.S.C. § 2513 (emphasis in original). As this language indicates, 28 U.S.C. § 2513 requires that a plaintiff suing under 28 U.S.C. § 1495, "must allege and prove" that "[h]is conviction has been reversed or set aside on the ground that he is not guilty of the offense of which he was convicted . . . or that he has been pardoned upon the stated ground of innocence and unjust conviction," and, that "[h]e did not commit any of the acts charged." 28 U.S.C. § 2513(a); see also Abu-Shawish v. United States, 120 Fed. Cl. at 813 ("[I]n order for this court to have jurisdiction, a plaintiff must obtain a certificate of innocence from the district court which states that not only was he not guilty of the crime of conviction, but also that none of his acts related to the charged crime were other crimes."); Carpenter v. United States, 118 Fed. Cl. 712, 713 (2014) ("Jurisdiction conferred by Section 1495 is limited to a plaintiff who proves that his conviction has been reversed or set aside on the grounds that he is not guilty . . . or that he has been pardoned."). In Humphrey, this court indicated, "[t]hese jurisdictional requirements [of 28 U.S.C. § 1495 and 28 U.S.C. § 2513] are strictly construed, and a heavy burden is placed upon a claimant seeking relief under such provisions." Humphrey v. United States, 52 Fed. Cl. at 596; see also Wood v. United States, 91 Fed. Cl. 569, 577 (2009) (holding that compliance with § 2513, including submission of a certificate of innocence from the

8

federal district court, is a prerequisite to the jurisdiction of the Court of Federal Claims). Additionally, as noted in Sykes v. United States, 105 Fed. Cl. 231 (2012), "a certificate or pardon must 'either explicitly or by factual recitation' state that the plaintiff has satisfied the requirements of Section 2513." Id. at 233 (quoting Humphrey v. United States, 52 Fed. Cl. at 597).

Plaintiff argues that he has provided the necessary proof of his innocence as required by 2513(a) by submitting to the court "a document proving a U.S. District Judge on 8/23/2016 VACATED his 3 Texas state convictions." Defendant argues that the vacation of Mr. Nyabwa's conviction for reasons other than actual innocent is not sufficient to confer jurisdiction under section 2513.

Plaintiff has not alleged that his conviction was set aside or reversed because he had not committed, or was not guilty of, the acts underlying his original conviction. Instead, plaintiff relies solely on the Order of the United States District Court Judge which held that "the Judgments of the 248th District Court of Harris County, Texas, in Cause Nos. 1266052, 1266053, and 1266054, adjudging Petitioner Collins O. Nyabwa guilty of improper photography under section 21.15(b) of the Texas Penal Code, are VACATED." (emphasis in original). This Order was submitted by defendant to the court. Section 2513 provides that "[p]roof of the requisite facts shall be by a certificate of the court or pardon," and that other evidence of a plaintiff's innocence shall not be received by the court. 28 U.S.C. § 2513(b). This court reviewed the Order of the Texas District Court Judge and found no discussion of facts supporting plaintiff's innocence or a determination of innocence by the District Court. Having received and reviewed the Order of the Texas District Court Judge, this court finds that there is no evidence that even plaintiff's state court convictions were vacated due to a finding by any court of plaintiff's innocence, as required by the statute. See Nyabwa v. Davis, No. H-12-1152 (S.D. Tex. Aug. 24, 2016). Additionally, plaintiff has not alleged, much less submitted, evidence that he received a pardon for the crimes for which he was convicted. Because plaintiff has failed to satisfy the jurisdictional requirements of 28 U.S.C. §§ 1495 and 2513, and plaintiff does not cite to any other authority to invoke the jurisdiction of this court, this court is not the proper forum to adjudicate plaintiff's claim. Plaintiff's claim for monetary damages does not fall within the grant of jurisdiction to this court. The court also notes that plaintiff's detention at the immigration facility between July 2013 and November 2013 was not improper because the detention was based on plaintiff's criminal conviction, which was not vacated until August 24, 2016, based on the finding of the Texas Court of Criminal Appeals that the statute under which plaintiff was convicted was unconstitutional, which occurred approximately one year after plaintiff was released from the immigration detention center in November 2013.

## CONCLUSION

Because plaintiff has failed to comply with the statutory requirements of 28 U.S.C. §§ 1495 and 2513, defendant's motion to dismiss plaintiff's complaint is **GRANTED**, and plaintiff's complaint is **DISMISSED**. The Clerk of Court shall enter **JUDGMENT** consistent with this Order.

**IT IS SO ORDERED.**

                                                               *[signature]*
                                                         **MARIAN BLANK HORN**
                                                              **Judge**